FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 27 2017 ★

LONG ISLAND OFFICE

UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____ X

Julie Somerset, individually and
on behalf of all others similarly
situated

Plaintiffs

-against-

Stephen Einstein & Associates, P.C.
and Stephen Einstein

Defendants

Docket No.

CV-17 7539

COMPLAINT AND DEMAND
FOR JURY TRIAL

Unlawful Debt Collection Practices

TRIAL BY JURY DEMANDED

SPATT, J.
LINDSAY, M.J.

## I. CLASS ACTION COMPLAINT

Plaintiff, JULIE SOMERSET, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, et seq. ("FDCPA"), and the New York General Business law (GBL) against the Defendants to recover damages by reason of Defendants' violations of law, and alleges:

## II. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337. The Court has supplemental jurisdiction related to the GBL claims pursuant to 28 U.S.C. Section 1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

2. Plaintiff, JULIE SOMERSET, is a citizen of the State of New York, residing in the Eastern District of New York, from whom Defendant attempted to collect a consumer debt allegedly owed by Plaintiff.

3. Defendant Stephen Einstein & Associates, P.C. ("Einstein, P.C") is a professional corporation doing business in New York State. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant Stephen Einstein (hereinafter, "Einstein") is an attorney and principal of Einstein P.C. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

6. The alleged debt Defendant sought to collect from Plaintiff is a consumer debt, as defined by §1692a(5) of the FDCPA, in that it was originally incurred for personal, family or household purposes. The original debt was a consumer credit card.

## IV. FACTUAL ALLEGATIONS

7. At all times herein relevant, Plaintiff was and is a "consumer" as defined by 15 USC 1692a(3).

8. At all times herein relevant, Defendants are "debt collectors" as that term is defined by 15 USC 1692a(6).

9. On or about January 10, 2017, Defendants drafted and mailed an "Income Execution" directed to the Plaintiff's employer and forwarded to Plaintiff **(Attached as Exhibit A)**.

10. Exhibit A does not contain the language required by 15 USC 1692e(11).

11. Exhibit A does not contain the language required by 15 USC 1692g(a).

12. Exhibit A falsely indicates that there is a valid judgement against the Plaintiff from a company called Rushmore Recoveries X, LLC.

13. The alleged judgment was obtained without serving the Plaintiff.

14. Plaintiff was never served with notice of the underlying lawsuit that led to the alleged judgement.

15. On information and belief, the underlying judgement should have been vacated for improper service under the litigation in Sykes v. Mel S. Harris *Fisher et al. v. Leucadia National Corp. et al.*, No. 452328/2016 (Sup. Ct. N.Y. Cty.). To the extent that such judgement should have been vacated, Plaintiff asserts an additional cause of action for the Defendant's attempt to collect such improper judgement. Any attempt to enforce an improper judgement is a violation of 15 USC 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1).

16. On information and belief, no attorney meaningfully reviewed the file or income execution prior to serving such. A basic review of such would have indicated that the notices required by 15 USC 1692e(11) and 15 USC 1692g(a) were not on the documents. As Exhibit A indicates that the document was from an attorney, Exhibit A is

false and deceptive in that no attorney meaningfully reviewed the file prior to the document being served. Defendants' actions in this regard violate 15 USC 1692e; 15 USC 1692e(3); and 15 USC 1692e(10).

## V. VIOLATIONS OF THE FDCPA

17. The actions of the Defendant as described above were false, deceptive, and unconscionable and unfair. Defendants' actions violate 15 USC 1692 e; 15 USC 1692 e(2); 15 USC 1692 e(3) 15 USC 1692 e(5); 15 USC 1692 e(10); 15 USC 1692 f(1); 15 USC 1692g(a) and 15 USC 1692 f(6)(A).

## VI. CLASS ALLEGATIONS

18.  Plaintiff brings the following Count on behalf of herself and a Class. The Class consists of all consumers residing in the State of New York who, according to Defendants' records received an income execution materially identical or substantially similar to Exhibit A.

19. The claims asserted in this case satisfy the requirements of Rule 23(a) because:

- (A)  The members of the class are so numerous that joinder of all members is impractical.

- (B)  There are questions of law and fact common to the Class and these questions predominate over any questions affecting only individual Class members.

- (C)  The only individual issue is the identification of the consumers who were the target of an income execution issued by Defendants materially identical or substantially similar to Exhibit A (*i.e.,* the Class members), a matter capable of ministerial determination from the Defendants' records.

  (D)  The Plaintiff's claims are typical of those of the Class members. All are based on the same facts and legal theories.

  (E)  Plaintiff will fairly and adequately represent the Class members' interests. Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. Plaintiffs' interests are consistent with those of the Class members.

20. Class action treatment is appropriate under Rule 23(b)(3) because questions of fact or law common to the members of the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the Class members' claims.

21. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. §1692k.

22. The members of the Class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.

23. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, resulting in the establishment of inconsistent or varying standards for the parties, and would not be in the interest of judicial economy.

24. If the facts are discovered to be appropriate, Plaintiffs will seek to certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

25. Plaintiff brings this case, individually, and on behalf of a class that, according to Defendant's records, consists of: (a) all individuals who have mailing addresses within the United States; and (b) within one year before the filing of this action; (c) were the subject of an income execution in a form materially identical or substantially

similar to <u>Exhibit A</u> attached to Plaintiff's Complaint; (d) which was not returned by the postal service as undeliverable.

26. To the extent that the evidence shows that the Defendant is collecting judgements that should have been vacated under the litigation in the *Sykes* matter, Plaintiff will additionally seek to form a class consisting of such victims. The class members are entitled to damages under the FDCPA, as well as the New York General Business law Section 349.

**WHEREFORE,** Plaintiff asks that this Court enter judgment in his favor and on behalf of the Class, against Defendants as follows:

(A) Certify the proposed the Class under Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiff and his counsel to represent the Class;

(B) Statutory damages;

(C) Actual damages;

(D) Attorney's fees, litigation expenses and costs incurred in bringing this action;

(E) Any other relief this Court deems appropriate and just under the circumstances.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Dated:   West Islip, NY
         December 26, 2017

Respectfully submitted,

/S/ JOSEPH MAURO
Joseph Mauro (JM: 8295)
Plaintiff's Attorney