# EXHIBIT A

Supreme Court of the State of New York; County of SUFFOLK    INDEX NO. **SMC7641/05**

# INCOME EXECUTION

JUDGMENT CREDITOR(s)
RUSHMORE RECOVERIES X.LLC

## The people of the state of New York

JUDGMENT DEBTOR[S]   Name and Last Known Address
JULIE A SOMERSET
17 OAK PL
SELDEN, NY 11784

**TO THE ENFORCEMENT OFFICER, GREETING:** The enforcement Officer is the Sheriff, Marshal of the City or Constable of the Town or Village authorized by law to enforce Income Executions. A judgment was entered in the within court in favor of the judgment creditor and the particulars are as follows:

Court of Oringal Entry
DISTRICT COURT OF THE COUNTY OF SUFFOLK. FOURTH DISTRICT HAUPPAUGE PART

| Judgment Date | Judgment Amount | Judgment Amount UNPAID |
|---|---|---|
| 09/16/2005 | $1,219.61 | $1219.61   plus interest from 09/16/2005 |

The Judgment was recovered against **JULIE A SOMERSET**, transcripted with the Clerk of SUFFOLK County on 03/09/2012. This Execution is issued against **JULIE A SOMERSET** whose last known address is **17 OAK PL** , **SELDEN, NY 11784** whose Social Security Number is ~~and~~ who is receiving or will receive **$320.00** for each weekly pay period from the Employer. "Employer" herein includes any payor of money to Judgment Debtor. The Employer's names and address is:

## Employer: KOHL`S DEPARTMENT STORES
**Payroll Address:**
N56 W 17000 RIDGEWOOD DR
MENOMONEE FALLS WI 53051
(262)703-2861

**New York Address**

409 COMMACK RD
DEER PARK, NY 11729
(631)242-2800

You are directed to satisfy the judgment with interest together with your fees and expenses, out of all monies now and hereafter due and owing to the Judgment Debtor from the Employer pursuant to CPLR SUB .SEC 5231.

**Directions to Judgment Debtor: You are notified and commanded immediately** to start paying to the Enforcement Officer serving a copy of this **INCOME EXECUTION** on you: installments amounting to 10% (but no more than the Federal limits set forth in **1. Limitations on the amount that can be withheld** below) of any and all salary, wages or other income. including any and all overtime earnings., commissions or other irregular compensation received or hereafter to be received from your Employer and to continue paying such installments until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied and if you fail to do so within 20 days this Income Execution will be served upon the Employer by the Enforcement Officer.

**Directions to the Employer: You are commanded** to withhold and pay over to the Enforcement Officer serving a copy of this **INCOME EXECUTION** on you: installments amounting to 10% (but no more than the Federal limits set forth in **1. Limitations on the amount that can be withheld**, below) of any and all salary, wages or other income including any and all overtime earnings. commissions or other irregular compensation now or hereafter becoming due to Judgment Debtor until the judgment with interest and the fees and expenses of this **INCOME EXECUTION** are fully paid and satisfied.

**DATED: 01/10/2017**

Attorney(s) for Judgment Creditor

Office and Post Office Address
Telephone:

Stephen Einstein
Stephen Einstein & Associates, P.C.
39 Broadway. Suite 1250, New York, NY 10006
**212-267-3550**

**IMPORTANT STATEMENT:** This Income Execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor is referred to the New York Civil Practice Law and Rules Sec. 5231 and 15 United States Code Sec. 1671 *et seq.*

1. Limitations on the amount that can be withheld
A. An income execution for installments from a judgment debtor's gross income cannot exceed (10%) of the judgment debtor's gross income.
B. If a judgment debtor's weekly disposable earnings are less than the greater of thirty (30) times the current federal minimum wage ($7.25* per hour, or $217.50*). the New York State minimum wage ($9.70** per hour. or $291.00**). the New York State minimum wage ($9.70** per hour, or $291.00**). the New York City minimum wage for employers with 10 or less employees ($10.50** per hour. or $315.00**): the New York City minimum wage for employers with more than 10 employees ($11.00** per hour, or $330.00**): the minimum wage for Nassau. Suffolk and Westchester Counties ($10.00***, per hour, or $300.00***). the New York State minimum wage for fast food employees outside New York City ($10.75# per hour. or $322.50#), or the New York State minimum wage for fast food employees located in New York City ($12.50^ per hour. or $375.00^)

546113-1/4621201161710400/XXXXXXXXXXXX0400/RR10



C.  A judgment debtor's weekly disposable earnings cannot be reduced below the amount arrived at by multiplying thirty (30) times the greater of the current federal minimum wage ($7.25* per hour, or $217.50*), the New York State minimum wage ($9.70** per hour, or $291.00 **), the New York City minimum wage for employers with 10 or less employees ($10.50** per hour, or $315.00**); the New York City minimum wage for employers with more than 10 employees ($11.00** per hour, or $330.00**);  the minimum wage for Nassau, Suffolk and Westchester Counties ($10.00***, per hour, or $300.00***), the New York State minimum wage for fast food employees outside New York City ($10.75# per hour, or $322.50#), or the New York State minimum wage for fast food employees located in New York City ($12.50^ per hour, or $375.00^)

D.  If deductions are being made from a judgment debtor's earnings under any orders for alimony, support or maintenance for family members or former spouses, and those deductions equal or exceed twenty-five percent (25%) of the judgment debtor's disposable earnings, no deduction can be made from the judgment debtor's earnings under this income execution.

E.  If deductions are being made from a judgment debtor's earnings under any orders for alimony, support or maintenance for family members or former spouses, and those deductions are less than twenty-five (25%) of the judgment debtor's disposable earnings, deductions may be made from the judgment debtor's earnings under the income execution.  However, the amount arrived at by adding the deductions from earnings made under this execution to the deductions made under any orders for alimony, support or maintenance for family members or former spouses cannot exceed twenty-five percent (25%) of the judgment debtor's disposable earnings.

NOTE:  Nothing in this notice limits the proportion or amount which may be deducted under any order for alimony, support or maintenance for family members or former spouses.

II. Explanation of limitations

Definitions

Disposable Earnings-Disposable earnings are that part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example, taxes, social security and unemployment insurance, but not deductions for union dues, insurance plans, etc.).

Gross Income-Gross income is salary, wages or other income including any and all overtime earnings, commissions and income from trusts before any deductions are made from such income.

Illustrations regarding earnings:

| If disposable earnings is: | Amount to pay or deduct from earnings under this income execution is: |
| --- | --- |
| (a) less than 30 times the greater of the federal ($217.50*) or state minimum wage ($291.00/315.00/$330.00** or $300.00*** or $322.50#/ $375.00^) or less. | No payment or deduction allowed. |
| (b) more than 30 time the greater of the federal ($217.50*) or State minimum wage ($291.00/$315.00/$330.00.**) or ***) or $322.50# /$375.00^) and less than 40 times the federal or ($400.00***) or ($430.00# / $500.00^) | The lesser of:  The excess over 30 times the greater of the federal minimum wage ($217.50*) of the state minimume wage of ($291.00($300.00 $315.00/$330.00**) or ($300.00.***) or ($322.50# / $375.00^) in disposable earnings, or 10% of gross income. |
| (c) 40 times the greater of the  federal ($290.00*) or state minimum wage ($388.00/$420.00 / $440.00**) or ($400.00***) or ($430.00# or $500.00^). | The lesser of: 25% of disposable earnings or 10% of or more gross income. |

III. Notice: You may be able to challenge this income execution through the procedures provided in CPLR §5231(i) and CPLR §5240.

If you think that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should act promptly because the money will be applied to the judgment.  If you claim that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should contact your employer or other person paying your income.  Further, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY.  New York State law provides two procedures through which an income execution can be challenged:

   CPLR §5230.  Pursuant to subdivision, (l) of section fifty-two hundred five of this article, ($2,750.00) Two Thousand Seven Hundred Fifty Dollars of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in paragraph two of subdivision (l) of section fifty-two hundred five of this article, is exempt from execution and that the garnishee cannot levy upon or restrain ($2,750.00) Two Thousand Seven Hundred  Fifty Dollars in such an account. An execution notice shall likewise state that pursuant to subdivision (i) of section fifty-two hundred twenty-two of this article, an execution shall not apply to an amount equal to or less than ninety percent of the greater of two hundred forty times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or two hundred forty times the state minimum hourly wage prescribed in section six hundred fifty-two of the labor law as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.

   CPLR §5231(i) Modification.  At any time, the judgment debtor may make a motion to a court for an order modifying an income execution.

   CPLR §5240 Modification or protective order; supervision of enforcement.  At any time, the judgment debtor may make a motion to a court for an order denying, limiting, conditioning, regulating, extending or modifying the use of any post-judgment enforcement procedure including the use of income executions

*    Based upon $7.25 federal minimum wage effective July 24, 2009.

**   Based upon $9.70 New York State minimum wage; or $10.50 New York City minimum wage with 10 or less employees and $11.00 for more than 10 employyes effective December 31, 2016.

***  Based upon $10.00 minimum wage for emploers in Nassau, Suffolk and Westchester counties, effective December 31, 2016

#    Based upon $10.75 New York State minimum wage for fast food employees effective December 31, 2016.

^    Based upon $12.50 New York State minimum for fast food employees located in New York City effective December 31, 2016

**Return (for Sheriff's or Marshal's use only)**

☐ Fully satisfied                    20       ☐ Unsatislied
☐ Partially satisfied            20 .    S
☐ Because I was unable to find the Garnishee (the Employer) within my jurisdiction I returned this Income Execution to Judgment Creditor's Attorney on            20
Date and time received:                              ☐ Marshall, City of ................
                                                      ☐ Sheriff, County of ...................

546113-1/4621201161710400/XXXXXXXXXXXX0400/RR10

# COUNTY OF SUFFOLK



**SHERIFF'S OFFICE**
CIVIL BUREAU

**VINCENT F. DeMARCO**
SHERIFF

January 26, 2017

Julie Somerset
17 Oak Place
Selden, NY 11784

File #:  2 - 17001198
Rushmore Recoveries X LLC
vs.
Julie Somerset

The enclosed income execution directs you to pay the Sheriff 10% of your gross income. Your first payment is due in this office no later than 20 days from the date indicated above and payments must continue uninterrupted until the total judgment plus statutory fees and interest have been paid. Your payment MUST have the above referenced File # clearly written on your payment or it will be returned to you and your employer may be served and directed to make deductions from your salary.

|  |  |
|---|---|
| Execution | $1,219.61 |
| Interest to January 26, 2017 | $1,248.31 |
| Poundage on Execution | $125.25 |
| Statutory Fees | $37.00 |
| *Balance Due | $2,630.17 |

*Interest and poundage on interest is from 1/26/17 only, additional interest will accrue daily until paid in full.

NOTE : Limitations on the amount to be remitted - the lesser of A or B:

A.  Under N.Y.S. Law (CPLR 5231) 10% of gross income.
B.  Under federal law (15 U.S.C 1671, ET SEQ.) the amount that may be paid may not exceed (1) 25% of disposable earnings for the pay period, or (2) the amount by which disposable earnings for the pay period exceeds 30 times the federal minimum hourly wage. Disposable earnings are that part of earnings left after deduction amounts required by law to be withheld (i.e., taxes, social security, unemployment insurance, but not deductions for union dues, insurance plans, etc.).

Payments are to be made weekly or bi-weekly, according to your pay period, by certified check or money order payable to the Sheriff of Suffolk County, 360 Yaphank Avenue, Suite 1A, Yaphank, New York 11980. Please include copies of one month's worth of current consecutive paystubs with your first payment. Please identify your remittance by writing the above indicated Sheriff's file number in the upper left corner. Please print your name and current address (PERSONAL UNCERTIFIED CHECKS ARE NOT ACCEPTABLE).

The Sheriff is the only party mandated to enforce payment in this matter and cannot make payment arrangements other than cited above. You may call 852-5623 for further information and if you are making child support or alimony payments.

IMPORTANT:  Please note that the law provides that upon your failure to remit, your employer will be served with income execution papers and thereafter shall be required to make the deductions and remittance to the Sheriff.

SUFFOLK COUNTY SHERIFF
CIVIL BUREAU