UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Julie Somerset, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>  -against-<br><br><br>Stephen Einstein & Associates, P.C. and Stephen Einstein,<br><br>           Defendants | Index No.: 2:17-cv-07539 |

**MEMORANDUM OF LAW IN REPLY AND FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY
<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

8970687v.4

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................................. 1

PRELIMINARY STATEMENT ...................................................................................................... 1

ARGUMENT .................................................................................................................................... 2

    Point I.    The requirements of 15 U.S.C. § 1692e(11) do not apply to, Income Executions ................................................................................................................. 2

        A.    15 U.S.C. § 1692e(11) Does Not Call for Disclaimers on Income Executions ................................................................................................. 3

        B.    The Income Execution is not a communication from Defendants.............. 4

        C.    Defendants Complied with 15 U.S.C. § § 1692g(a) and (11) ..................... 4

        D.    No Particular Language is Required to Satisfy 15 U.S.C. 1692 § e(11), and the Income Execution Sufficiently Describes Defendants as Debt Collectors ..................................................................................................... 5

        E.    The Legal Pleadings Exception Includes Extra-Judicial Documents ......... 6

    Point II.    Sykes Has No Effect on the Judgment against Plaintiff .................................... 6

    Point III.    Plaintiff's inconsistent arguments compromise the foundation of her case ....... 7

    Point IV.    Defendants Did Not Misrepresent their Authority to Issue the Income Execution .......................................................................................................... 8

    Point V.    Plaintiff's argument regarding the integrity of the judgment is premature and a chronological impossibility ........................................................................ 9

    Point VI.    Plaintiff does not include facts supporting her Actual damages claim and appears to have withdrawn her Claim under the General Business Law ........... 9

CONCLUSION ............................................................................................................................... 10

8970687v.4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*,
   875 F.3d 128 (2d Cir. 2017) .................................................................................................. 4

*Cavallaro v. Law Office of Shapiro & Kreisman*,
   933 F.Supp. 1148 (E.D.N.Y. 1996) ........................................................................................ 5

*Gabriele v. Am. Home Mortg. Servicing, Inc.*,
   503 F. App'x 89 (2d Cir. 2010) .............................................................................................. 5

*Gaetano v. Payco of Wis., Inc.*,
   774 F. Supp. 1404 (D. Conn. 1990) ........................................................................................ 5

*Kagan v. Selene Fin. L.P.*,
   210 F. Supp. 3d 535 (S.D.N.Y. 2016) .................................................................................... 3

*Musah v. Houslanger & Assocs., PLLC*,
   962 F. Supp. 2d 636 (S.D.N.Y. 2013) ................................................................................ 7, 8

*Ross v. Commercial Fin. Servs., Inc.*,
   31 F.Supp. 2d. 1077 (N.D. Ill. 1999) ...................................................................................... 5

*Sayyed v. Wolpoff & Abramson, LLP*,
   733 F. Supp 2d 635 (D. Md. 2010) ........................................................................................ 5

*Setton v. Cohen Hurkin Ehrenfeld Pomerantz & Tenenbum, LLP*
   2014 U.S. Dist. LEXIS 133772 (E.D.N.Y. 2014) ................................................................... 4

*Simon v. FIA Card Services, N.A.*
   732 F.3d 259 (3d Cir. 2013) ................................................................................................... 4

*Smith v. Greystone Alliance, LLC*,
   2011 U.S. Dist. LEXIS 35283 (N. D. Ill. 2011) ..................................................................... 3

*Sykes v. Mel Harris & Assocs., LLC*,
   757 F. Supp. 2d 413 (S.D.N.Y. 2010) ....................................................................... 2, 6, 7, 8

*Taylor v. Fin. Recovery Servs., Inc.*,
   886 F.3d 212 (2d Cir. 2018) ................................................................................................... 9

*Wright v. Phillips & Cohen Assocs.*,
   2014 U.S. Dist. LEXIS 126804 (E.D.N.Y. 2014) ................................................................... 4

**Statutory Authorities**

15 U.S.C. § 1692e ................................................................................................................. 7

15 U.S.C. § 1692e(10) ......................................................................................................... 7

15 U.S.C. § 1692e(11) .............................................................................................. 2, 3, 4, 5

15 U.S.C. § 1692e(3) ........................................................................................................... 7

**Rules**

C.P.L.R. § 5222(a) ............................................................................................................... 4

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1

Fed. R. Civ. P. 56 ................................................................................................................. 1

Fed. R. Civ. P. 12(b)(1) ........................................................................................................ 1

## INTRODUCTION

Defendants, Stephen Einstein & Associates, P.C. and Stephen Einstein (collectively "Defendants"), respectfully submit this Memorandum of Law as a reply in further support of Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or alternatively their Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

## PRELIMINARY STATEMENT

Plaintiff's entire case theory is based upon her purported confusion and deception over Defendants' failure to explicitly state "this is an attempt to collect a debt by a debt collector" (the "[e]11 disclaimer") on a sheriff-issued <u>income execution seeking to garnish her wages</u>. However, an income execution is a document which states throughout that a judgment was entered against Plaintiff as the judgment-debtor for monies due, <u>and that Stephen Einstein & Associates, P.C. is the attorney for the judgment-creditor.</u> Plaintiff's implausible position ignores that the least sophisticated consumer is held to a degree of reasonableness, and that no particular verbiage is necessary to communicate that a sender is a debt collector. There is no doubt that even the least sophisticated consumer would understand Defendants' role.

Indeed, Plaintiff already conceded the insufficiency of her Complaint by filing a futile Amended Complaint, which miscalculates that more words automatically equals a stronger case. Likewise, in an attempt to bolster the unsupported claims in this case, Plaintiff has now moved in the related state court action to vacate the judgment (returnable May 29, 2018). As outlined here, Plaintiff's Amended Complaint does not rectify the unsustainable shortcomings exposed in Defendant's motion to dismiss.

1

Plaintiff's over-the-top accusations that Defendants furthered a "massive fraud" by collecting on an active and valid judgment, that no court has found to be invalid or improper, fairs no better. Plaintiff attempts to exploit the *Sykes* settlement (which has nothing to do with Plaintiff - - or Defendants for that matter) into a brand new FDCPA case, based on the theory that Defendants should have known that the judgment against Plaintiff was invalid, and thus could not have been meaningfully involved in attempting to enforce the judgment. Not surprisingly, in a hollow attempt to salvage this lawsuit, Plaintiff only now, almost five months after the filing of this lawsuit, is attempting to vacate the state court judgment. Plaintiff provides no support for the claim that Defendants were not meaningfully involved based on their failure to include a 15 U.S.C. §1692e(11) disclaimer on the income execution— a disclaimer that has never been held to be required on an income execution by any court, and which is exempt from the disclosure requirements. For these reasons, as well as those incorporated in the Memorandum of Law in Support of Defendants' Motion to Dismiss, the Court should dismiss Plaintiff's Complaint with prejudice.

## ARGUMENT

**Point I.** **The requirements of 15 U.S.C. § 1692e(11) do not apply to Income Executions**

Plaintiff alleges, without legal basis, that Defendants engaged in materially deceptive conduct, and violated 15 U.S.C. § 1692e(11), by not explicitly stating that they were "debt collectors" in the Income Execution. *See generally* Pltf.'s Opp. However, Plaintiff does not and cannot cite to any cases in support of the argument that 15 U.S.C. § 1692e(11) applies to an income execution. This is because (1) requiring such a disclaimer on an income execution is inconsistent with the purpose and intent behind this section of the FDCPA and (2) an income

2

execution is not a "communication" from a debt collector which would be subject to the Act's requirements.

### A. 15 U.S.C. § 1692e(11) Does Not Call for Disclaimers on Income Executions.

The reasoning that debt collectors are required to designate themselves as such in each communication does not apply to income executions. As articulated in *Kagan v. Selene Fin. L.P.*, a case relied upon by Plaintiff, the purpose of 15 U.S.C. § 1692(e)(11) is to ensure that consumers *know who they are in contact with* so that they can decide whether or not they wish to respond, and how. 210 F. Supp. 3d 535, 538; *see also Smith v. Greystone Alliance, LLC* 2011 U.S. Dist. LEXIS 35283, *22 (N. D. Ill. 2011). There is a concern that, without the warning, debtors will unintentionally implicate themselves or accidentally provide information to a party they do not realize is attempting to collect a debt from them.

Income executions are post-judgment enforcement mechanisms which direct that consumers pay a portion of their income to satisfy a judgment, or else be involuntarily compelled to do so. Even the least sophisticated consumer would read the words on the income execution, and understand that it is in reference to the collection of a debt. There is no concern that the person receiving the communication will contact a debt collector without knowing they are doing so or will some how harm their rights by doing so. As the continuing disclosure requirements of 15 U.S.C. 1692e(11) have *never* been applied to income executions, and the reasoning behind the requirement clearly does not carry over, the Court should not entertain Plaintiff's argument to that effect.

3

### B. The Income Execution is not a communication from Defendants.

As described in the Motion to Dismiss, another reason why 15 U.S.C. § 1692e(11) does not apply, is because the Income Execution was a communication from the Suffolk County Sheriff, not the Defendants. The letter enclosing the income execution is on Sheriff's Office letterhead and is signed "SUFFOLK COUNTY SHERIFF, CIVIL BUREAU." *See* Pltf.'s Compl., Exhibit A.

The cases that Plaintiff cites on page 18 of his brief to undermine the conclusion that 15 U.S.C. § 1692e(11) pertains to income executions. The communications in those cases (*Setton*, *Wright*, and *Simon*) were found to be "indirect communications" falling under the FDCPA because they were sent directly by the debt collector to the *debtor's attorneys in the name of the consumer*—worlds apart from this case. Here, the document was sent by the <u>sheriff</u> to the consumer. Similarly, Plaintiff's out-of-context citation of *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 137 (2d Cir. 2017) is no better. The *Arias* Court did not examine whether the conduct at issue (the litigation of an exemption claim form under C.P.L.R. § 5222(a) amounted to a "communication" under the FDCPA, nor did the Court specifically find that a bank restraint was a communication requiring a § e(11). *Id.* Plaintiff does not cite any cases where an income execution was found to be a "communication," and does not even attempt to distinguish the cases cited by Defendants in support of dismissal.

### C. Defendants Complied with 15 U.S.C. § § 1692g(a) and (11).

As described in Defendant's Motion to Dismiss, the income execution was not the initial correspondence, and Plaintiff does not refute that <u>Exhibit B</u> of the Motion (the initial letter sent to her which contained all of the disclosures) is properly incorporated by reference herein. Although her attorney self-servingly denies Plaintiff's receipt of this letter, there is no affidavit

4

from Plaintiff averring that she did not receive it, which is consistent with the letter having been sent to the same address as used by the Sheriff. Thus, Plaintiff's arguments have no merit and no bearing on this motion.

### D. No Particular Language is Required to Satisfy 15 U.S.C. 1692 § e(11), and the Income Execution Sufficiently Describes Defendants as Debt Collectors.

As a matter of law, even the "least sophisticated consumer" would understand from the Income Execution that Defendants are debt collectors. Defendants are designated as "Attorney(s) for Judgment Creditor" and the Income Execution explicitly describes how the debt will be collected. Indeed, courts have indicated that a collection notice need not track the precise language of § e(11) so long as it conveys the intended message. *See Cavallaro v. Law Office of Shapiro & Kreisman*, 933 F.Supp. 1148, 1156 (E.D.N.Y. 1996) (holding that no particular language is required to comply with the provision); *Ross v. Commercial Fin. Servs., Inc.,* 31 F.Supp. 2d. 1077, 1079-80 (N.D. Ill. 1999) (collection letter that disclosed that debt collector was a "different kind of debt collection company," satisfied requirements, even though it did not use exact term "debt collector). Phrases in notices, such as "Attorneys in the Practice of Debt Collection" included on the signature line of interrogatories, have been held to meet § e(11)'s requirements. *See Sayyed v. Wolpoff & Abramson, LLP,* 733 F. Supp 2d 635, 641 (D. Md. 2010). *See also Gaetano v. Payco of Wis., Inc.,* 774 F. Supp. 1404, 1409 (D. Conn. 1990) ("We are a professional collection agency attempting to collect a debt" held to be sufficient). Therefore, Plaintiff's argument that the Income Execution would leave consumers confused as to Defendants' role with regards to the subject debt is the type of "bizarre and idiosyncratic interpretation" of a collection notice that is improper as a matter of law. *Gabriele v. Am. Home Mortg. Servicing, Inc.,* 503 F. App'x 89, 94 (2d Cir. 2010).

5

### E. The Legal Pleadings Exception Includes Extra-Judicial Documents

Plaintiff collects cases to support the conclusion that extrajudicial documents (i.e., documents not filed with the court), like the income execution here, have never been considered subject to the legal pleadings exception, including the cases cited by Defendants. However, the cases cited by Defendants on pages 17-18 of its Motion to Dismiss flatly contradict that position. Among other things, they demonstrate that interrogatories and requests for admission, among other documents, qualify.

**Point II.**     *Sykes* **Has No Effect on the Judgment against Plaintiff**

Plaintiff, in strikingly dramatic fashion, over generalizes and insists that the judgment Defendants were attempting to collect was invalid, in furtherance of a "massive fraud," and a violation of the FDCPA - even though (1) no court has ordered that it be vacated or determined that it was improper, and (2) Plaintiff has just now moved to vacate the state court judgment, almost five months after filing this federal lawsuit. Once again, simply referring to the *Sykes* settlement agreement, where there was no acknowledgement of liability and involved entirely different parties, should not have and could not have put Defendants on notice that the underlying judgment was invalid. The judgment against Plaintiff is <u>still</u> valid, as evidenced by Plaintiff's belated attempt to vacate this supposedly invalid judgment. Plaintiff's insistence that Defendants should have considered a judgment to be vacated a judgment before it was ever challenged, based on a voluntary settlement between completely separate private parties in a matter that did not so much as implicate or bind any of the instant parties, is absurd. In fact, such an action could be considered malpractice, as Defendants would essentially be choosing not to exercise their client's valid legal rights against Plaintiff. The settlement agreement in *Sykes* has no effect on the judgment against Plaintiff and Plaintiff should not be permitted to use it to

6

8970687v.4

manufacture an FDCPA violation against an uninvolved party. Furthermore, Plaintiff cites to no authority extending the settlement agreement in *Sykes* to parties who were not part of the settlement (like Defendants) and not a member of the class (like Plaintiff).

**Point III.     Plaintiff's inconsistent arguments compromise the foundation of her case**

Plaintiff's corresponding arguments based on lack of meaningful attorney involvement are equally misplaced. On the one hand, she claims that Defendants failed to engage in "meaningful attorney involvement" in violation of 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10), because Defendants did not include the unnecessary disclaimer on an income execution served by a Sheriff. On the other hand, she claims that Defendants were meaningfully involved enough to know about *Sykes*, and were meaningfully involved in "intentionally furthering a massive fraud." Plaintiff can't have it both ways, and her allegations as to lack of meaningful attorney involvement are implausible, conclusory, and fail as a matter of law.

To the extent that Plaintiff is somehow arguing that meaningful attorney involvement required Defendants to revisit the details of how the judgment, although properly entered and active, arose, she is also incorrect, even according to the case she cited. In *Musah*, a question existed about whether the debtor received appropriate notice of assignment of the judgment based upon a post-judgment assignment of it—an act that was argued necessary to occur after the judgment was entered. *Musah v. Houslanger & Assocs., PLLC*, 962 F. Supp. 2d 636, 641 (S.D.N.Y. 2013). As a general matter, the *Musah* court noted that prohibitions of 1692(e)3 are limited, and that the analysis turned on, among other things, "whether the attorney's examination of the case file was adequate to permit determination of whether [the debtor] was or was not obligated to pay the debt...." *Id.* at 640-641. The *Musah* court even held that the acts at issue

7

here comply: "although ordinarily an attorney's determination that there exists a valid judgment may obviate the need for further review of a case file..." *Id.*

To be clear, the foundation of the *Sykes* case was built upon allegations of a conspiracy by and between specific participants. In point of fact, Defendants and judgment creditor were never named or so much as implicated as one of these participants. Furthermore, notwithstanding Plaintiff's attempt to conflate the *Sykes* settlement agreement with a finding by a court, there was never any adjudication at trial or on summary judgment of the factual issues. Instead, the parties reached an amicable settlement agreement <u>with complete denial of any liability</u>. More so, Plaintiff must realize that the individual that served process here - David Mosquera and Michael Mosquera (named as an individual defendant in the *Sykes* cases) are clearly two different people.

**Point IV.** **<u>Defendants Did Not Misrepresent their Authority to Issue the Income Execution</u>**

Plaintiff argues in her Opposition that Defendants misrepresented, in violation of the FDCPA, that they were "authorized to issue a subpoena" because the underlying judgment was invalid. As a preliminary matter, it is unclear why Plaintiff uses the terms "income execution" and "subpoena" interchangeably, as an income execution is not a subpoena by any understanding of the term. Second, it does not appear that these arguments are actually embodied in Plaintiff's Complaint. Third, as discussed *supra*, the Income Execution was not delivered or communicated to Plaintiff by Defendants nor could it have been. Both the letter from the Sheriff's Office enclosing the Income Execution and the Income Execution itself make it clear on their face that it was sent and communicated by the Sheriff's Office. Finally, the Income Execution makes it perfectly clear who Defendants are, stating that they are attorneys for the judgment debtors. It is unclear how this could possibly confuse any consumer, or how this would impede a consumer's

ability to understand whether and/or how to resolve a potential debt. In fact, the second page of the income execution actually provides directions on how to do so. Thus, Plaintiff's arguments are factually unsupported and completely without merit.

**Point V.** **Plaintiff's argument regarding the integrity of the judgment is premature and a chronological impossibility**

Plaintiff bases her case on the expectation that the state court judgment will *someday* be vacated. Considering the judgment against Plaintiff was intact at the time of the income execution, was intact at the time of the filing of this instant lawsuit, and remains intact to this day, Plaintiff unambiguously places the proverbial cart before the horse.

This position is only bolstered by the Second Circuit's recent decision in *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212 (2d Cir. 2018), where it rejected the proposition that a collection notice had to disclose that, although interest was not accruing, that it may accrue in the future, because the concerns at issue were speculative and theoretical, not factual. Similarly, Plaintiff's concerns are theoretical and unfounded. For these reasons, the Court should not entertain Plaintiff's unsubstantiated arguments.

**Point VI.** **Plaintiff does not include facts supporting her Actual damages claim and appears to have withdrawn her Claim under the General Business Law**

Finally, Plaintiff's amended complaint does not cure the defects raised in Point VII of Defendant's Motion to Dismiss—she does not allege any facts in support of her actual damages claim, and only adds, as a throw in, a claim for the relief in the "Wherefore" clause. This claim should be dismissed. In addition, it appears that Plaintiff is not challenging Defendants' arguments in support of dismissing her General Business Law claim, and thus, is no longer asserting the claim.

9

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Dismiss, or in the alternative, their Motion for Summary Judgment.

Dated: New York, New York
       May 4, 2018

                                     Yours, etc.

                          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                                 /S/
By: _____
                Joseph L. Francoeur
                Michelle L. Vizzi
                *Attorneys for Defendants Stephen Einstein &*
                *Associates, P.C. and Stephen Einstein*
                150 East 42nd Street
                New York, New York 10017-5639
                p.: (212) 915-3000
                f.: (212) 490-3038
                File No.: 18119.00007

8970687v.4